OPINION
{¶ 1} On May 9, 1995, the Stark County Grand Jury indicted appellant, Timothy Tennis, on one count of statutory rape in violation of R.C. 2907.02, one count of sexual battery in violation of R.C. 2907.03, one count of gross sexual imposition in violation of R.C. 2907.05, one count of felonious sexual penetration in violation of R.C. 2907.12 and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31. Said charges arose from incidents involving appellant's stepdaughter.
 {¶ 2} Appellant pled guilty to the charges. By judgment entry filed June 23, 1995, the trial court sentenced appellant to an aggregate term of eight to twenty-five years in prison.
 {¶ 3} On February 6, 2002, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entries filed February 8 and 12, 2002, the trial court classified appellant as a "sexual predator."
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 5} "THE EVIDENCE PRESENTED AT THE H.B. 180 HEARING WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A SEXUAL PREDATOR FINDING, AND THE TRIAL COURT'S DETERMINATION OF THAT SEXUAL PREDATOR STATUS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I {¶ 6} Appellant claims the trial court's determination of sexual predator status was against the manifest weight of the evidence and the evidence was insufficient to support such a finding. We disagree.
 {¶ 7} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 8} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 9} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 10} "(a) The offender's or delinquent child's age;
 {¶ 11} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 14} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 17} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 20} During the classification hearing, the trial court was presented with the original police report done by the Stark County Sheriff's Department (State's Exhibit A), appellant's statement to police (State's Exhibit B), bill of particulars (State's Exhibit C), a 1995 psychological evaluation and risk assessment prepared by Melymbrosia Assiciates, Inc. (State's Exhibit D), and a 2002 psychological evaluation prepared by Akron Family Institute, Inc. (Defendant's Exhibit 1). The bill of particulars filed May 26, 1995 indicates appellant, "[a]s a continuous course of conduct from on or about July 28, 1992, to on or about, November 27, 1994," "did engage in cunnilingus," "did insert his finger into the vaginal cavity" and "did fondle the breasts and vaginal region" of the victim, less than thirteen years of age. In his own statement to police, appellant admitted to engaging in fellatio with the victim and ejaculating in her mouth two times. See, Voluntary Statement, attached to Response to Request for Discovery filed May 26, 1995.
 {¶ 21} In classifying appellant a sexual predator, the trial court "reviewed all of the factors found in O.R.C. 2950.09 including the offender's age and the victim's age. The fact that the behavior herein constituted a demonstrated pattern of abuse and that the defendant used his relationship with the victim to groom the victim for the defendant's own purposes." See, Judgment Entry filed February 8, 2002. The trial court noted the "evidence in this case indicates that the defendant began to sexually abuse his stepdaughter when she was approximately ten or eleven years of age" and the "ongoing sexual molestation occurred for several years on a regular and routine basis." Id. The trial court also noted appellant "used his position as stepfather to groom the child for his deviant sexual behavior." Id. In making its determination, the trial court found the following:
 {¶ 22} "The defendant also admitted he picked this particular stepchild as she was the prettiest of the children in the home. Such a statement provides the Court with a significant amount of concern as to the fact that the defendant would have offended on the other children as they grew. The defendant's misconduct was of an ongoing nature and he used his position to accomplish the sexual behavior with the child. This included fondling the child's breast and vaginal area as well as having the child perform oral sex on the defendant. The behavior also included sleeping with the child while the defendant was nude and fondling the child while in bed. The defendant had been told to stop this activity on numerous occasions by the victim and he refused to stop. The defendant had also been told on several occasions to stop the activity by the natural mother of the victim but he again refused to stop. The defendant even indicated that his parents had also indicated to him that he should stop the behavior and that he needed help. He did not seek help and he did not stop the behavior. Instead, the behavior re-occurred over several years on a frequent basis. The defendant himself indicated that he would lose his common sense and `touch her again and again'. The defendant also indicated that his behavior would occur three to five times per week and that he could not control himself." Id.
 {¶ 23} In the 1995 report of psychological assessment by Melymbrosia Associates, Inc., clinical psychologist Samuel Craddock opined the following:
 {¶ 24} "He remains somewhat unwilling to accept the responsibility for his behavior as he blames his wife for saying that the daughter would be a good surrogate mother and he blames the daughter because he states she asked to sleep with him and had an attachment to him."
 {¶ 25} In a 1995 letter to appellant's defense counsel, Mr. Craddock stated appellant "had a hard time controlling his impulses whenever he had the opportunity and that the behavior could occur as often as three to five times a week. He would report that close calls or rebukes from his partner would slow him down for anywhere from three to five weeks, but that in fact the activity would resume."
 {¶ 26} Appellant argues he should not be held to the 1995 assessment. "It is the Appellant's position that his present condition is in fact determinative of his offender status now, and the best indicator of the likelihood of future criminal behavior." Appellant's Brief at 9. In support of his "present condition," appellant submitted the 2002 psychological assessment by Akron Family Institute, Inc. Within said report, psychologist Michael Smith opined appellant should be classified as a sexually oriented offender because "[t]his is Mr. Tennis' first conviction for a sex offense" and "Mr. Tennis is not considered likely to commit a similar offense in the future." However, we note Dr. Smith stated, in 2002, appellant "has had difficulty accepting responsibility for his behavior, preferring instead to rationalize his behavior and to project blame on others." Dr. Smith opined should appellant "be released to probation or parole, he should be required to successfully complete Sex Offender Specific therapy with a qualified therapist." In the same report under "Test Results," Dr. Smith noted "[i]ndividuals who score clinically similar to Mr. Tennis on the MMPI-2 and MCMI-III are characteristically rigid and inflexible, and are not likely to be open to psychological self-evaluation. * * * Such persons are apt to behave irresponsibly at times and then to blame others for the problems they become involved in. They tend to reduce tension with pleasure-oriented behavior, and they are likely to be rather hedonistic and impulsive."
 {¶ 27} Upon review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
 {¶ 28} The sole assignment of error is denied.
 {¶ 29} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
Topic: Sexual predator